THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* FRANK DENDANTO, Defendant.

City Court of Middletown, February 15, 1940.

*Walter Deisseroth,* for the plaintiff.

*Frank Dendanto,* in person.

FAULKNER, J.   The defendant is charged with violation of section 25-a of the Public Health Law which embraces the prevention of the spread of rabies, in that he as owner of a dog permitted it to be at large and unmuzzled where prohibited by such section.

The defendant denied such permission and testified that the dog has been fastened to a kennel placed in his yard and had, unknown to the owner, slipped his collar and gone to those places usually frequented by canines which are " on the loose;" that he endeavored to locate him, but to no avail until he found him a couple of weeks later in the kennels of Doctor Judson where he had been placed by the dog warden.   He further testified that he went all over the neighborhood trying to locate the dog and finally came to the conclusion either that somebody had stolen the dog or that he had died of starvation.

In this he is partly corroborated by Doctor Judson who testified that the defendant or someone representing him had telephoned him asking whether his dog was there and that such inquiry had been made a week or so before the dog was confined by the dog warden.

The proof is anything but satisfactory that the defendant made reasonable efforts to locate the dog and failure in this respect is

sufficient to establish impliedly a permission for the dog to be at large. The defendant's story of his going around the neighborhood is severely offset by the testimony of the dog warden that on the twenty-fourth day of January when the dog in question was picked up it was at the corner of Wisner avenue and Sproat street in very close proximity to the defendant's home. The testimony further reveals that the day before that the dog was on the street where the defendant resided but at the further end of the street. The efforts that he states that he made to locate the dog under the circumstances cannot be said to be reasonable.

In *Cowley* v. *People of the State of New York* (83 N. Y. 464) the Court of Appeals construed the word " permit " in a penal statute as meaning, " an allowance, a sufferance, a toleration, an authorization." Under the circumstances disclosed in this case I feel that there has been such an allowance, sufferance and toleration as to constitute a permission on the part of the defendant for his dog to run at large and I find him guilty of violating the section in question.

Let him produce himself for sentence at eight-forty-five A. M. on the 17th day of February, 1940.